Alan H. Weinreb, Esq. (AW 9361)
THE MARGOLIN & WEINREB LAW GROUP, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone: (516) 945-6055
Facsimile: (516) 945-6056
alan@nyfclaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
21 ASSET MANAGEMENT HOLDING, LLC,                     Civil Action No.:
                                  Plaintiff,          Filed:

           -against-                                  **VERIFIED COMPLAINT**

H. JOHN CAMPAIGN; UNITED STATES OF AMERICA –
 INTERNAL REVENUE SERVICE and JOHN DOE "1"
through "12", said persons or parties having or claimed to have
 a right, title or interest in the Mortgaged premises herein,
their respective names are presently unknown to the Plaintiff,
                                  Defendant(s).
-------------------------------------------------------------------------X

Plaintiff, 21 ASSET MANAGEMENT HOLDING, LLC, ("ASSET") by and through its attorneys, The Margolin & Weinreb Law Group, LLP as and for its Verified Complaint of foreclosure of the premises and mortgage against Defendants H. JOHN CAMPAIGN, the UNITED STATES OF AMERICA – INTERNAL REVENUE SERVICE, and John Doe "1" through "12" (collectively the "Defendants"), respectfully alleges upon information and belief as follows:

**NATURE OF THE ACTION**

1.      This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq.*, to foreclose on a mortgage encumbering the property commonly known as 49 Saint Andrews Road, Southampton, NY 11968; known on the Suffolk County Tax Map as DISTRICT: 0900 SECTION: 211.00 BLOCK: 03.00 LOT: 007.006 in the

County of Suffolk, and State of New York (the "Subject Property"). The Legal Description of the property is annexed hereto as Exhibit "A".

## PARTIES

2. ASSET is a Florida Limited Liability Company with its usual place of business at 1900 Sunset Harbour Drive, The Annex-2nd Floor, Miami Beach, Florida, 33139. It is a citizen of the state of Florida.

3. H. JOHN CAMPAIGN, upon information and belief, is a resident and citizen of the State of New York, having an address at 303 E. 71st Street, Unit 3E, New York, New York 10014 and 40 Saint Andrews Road, Southampton, NY 11968. H. JOHN CAMPAIGN is a necessary party defendant to this action by virtue of the fact that he (i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below); (ii) is the record owner of the Subject Property; (iii) is the borrower of the loan; and (iv) is the Mortgagor under the Mortgage.

4. The UNITED STATES OF AMERICA – INTERNAL REVENUE SERVICE is a party Defendant herein by virtue of its ownership of a Federal Tax Lien against the premises in foreclosure. The Tax Lien is dated September 17, 2013 and filed in the Suffolk County Clerk's Office on September 24, 2013 in an amount of $749,243.63 against H. John Campaign, Fed # 961436513.

5. Upon information and belief, the John Doe Defendants are persons, parties, corporations or other entities, if any who are presently unknown to Plaintiff, holding or claiming to hold certain leaseholds, tenancies, sub-tenancies, possessory or other interests, including partnership interests, in and to any judgment or liens upon the Subject Property.

6. Each of the above-named defendants has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

7. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332. Jurisdiction upon the UNITED STATES OF AMERICA – INTERNAL REVENUE SERVICE is further based upon 28 U.S.C. §1346(f), as well as 28 U.S.C. §2410(a).

8. Venue is deemed proper in this District pursuant to 28 U.S.C. §1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Subject Property is located in this district.

## FACTUAL BACKGROUND

9. (a) On May 24, 2007, H. JOHN CAMPAIGN executed a Note to JP MORGAN CHASE BANK for $744,000.00 and a Mortgage in the principal amount of $744,000.00 and interest to JP MORGAN CHASE BANK. The applicable mortgage tax was paid. Copies of the Mortgage and Note with Allonges are annexed as Exhibit "B" and "C", respectively. Said Mortgage was recorded on June 7, 2007 in the Office of the Suffolk County Clerk's Office in Liber 21547 Page 625.

(b) Said Mortgage was assigned to the Plaintiff ASSET by Assignments of Mortgage as reflected in the Schedule of Assignments annexed as Exhibit "D". Copies of said Assignments of Mortgage are also annexed as Exhibit "D" respectively.

10. Any applicable recording tax was duly paid at the time of recording said mentioned mortgage.

11. Plaintiff is in physical possession and is the owner and holder of said Note and Mortgage.

12. H. JOHN CAMPAIGN has failed to comply with the terms and provisions of the said Mortgage and said instrument(s) secured by the Mortgage, by failing to make the Monthly Payments due on the first (1st) day of December 2009 and the default continues to date.

13. Plaintiff has complied with RPAPL 1304(2)(4), in that a 30-day notice to cure was issued on September 4, 2010 (the "Default Notice") advising of the acceleration of the loan and that by virtue of his continuing default under the Note and Mortgage, Plaintiff hereby declares that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable. The 90-day notice provided by RPAPL 1304(1) was not required, as the property is a second home and is not the principal residence of the borrower H. JOHN CAMPAIGN. However, the Notice was sent on December 9, 2013. Copies of the Default Notice with proof of mailing is annexed hereto as Exhibit "E".

15. Pursuant to RPAPL Section 1302 as amended, the plaintiff has complied with all the provisions of Section 595a and Section 6-l of the Banking Law and RPAPL Section 1304, except where it is exempt from doing so.

16. Plaintiff is the current owner and holder of the aforesaid Mortgage and Note.

17. As of the date herein, H. JOHN CAMPAIGN has failed to respond to the Default Notices.

18. Due to the above-described default, the Defendant H. JOHN CAMPAIGN is indebted to Plaintiff pursuant to the terms of the Note and Mortgage for:

(a) The unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges which sum as of March 13, 2014, amounts to $984,678.04 (NINE HUNDRED EIGHTY FOUR SIX HUNDRED SEVENTY-EIGHT DOLLARS AND 04/100);

(b) Attorney's fees and other costs and disbursements, payable to ASSET under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full; and

(c) Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

19. Plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said premises should be sold subject to the following:

   a. Any state of facts that an inspection of the premises would disclose.
   b. Any state of facts that an accurate survey of the premises would show.
   c. Covenants, restrictions, easements and public utility agreements of record, if any.
   d. Building and zoning ordinances of the municipality in which the Mortgaged premises are located and possible violations of same.
   e. Any right of tenants or person in possession of the subject premises.

   f. Any equity of redemption of the United States of America to redeem the premises with 120 days from date of sale.

   g. Prior lien(s) of record, if any.

20. In the event that Plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

21. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinfore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

22. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage or for recovery of the said sum secured by said Note and Mortgage or any part thereof, other than under Suffolk County Index No. 31895/2011, now discontinued.

**WHEREFORE**, the Plaintiff demands judgment that the Defendant(s) and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said mortgaged premises and each and every part and parcel thereof; that the premises may be decreed to be sold in one parcel, according to law, subject to the terms set forth in Paragraph 18 of this complaint;

that the monies arising from the sale thereof may be bought into Court; that the Plaintiff may be paid the amount due on the Note and Mortgage as hereinfore set forth, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums from the dates incurred by Plaintiff pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of plaintiff's Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of said premises during the pendency of this action with the usual powers and duties; and that the Defendant H. JOHN CAMPAIGN may be adjudged to pay the whole residue (unless discharged of this debt by the United States Bankruptcy Court), or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds pursuant to the directions contained in such judgment, and that in the event that Plaintiff possesses any other lien(s) against said mortgage premises either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the

[INTENTIONALLY LEFT BLANK]

premises to Plaintiff, and that the plaintiff may have such other and further relief, or both, in the premises, as may be just and equitable.

Dated: June 24, 2014
      Syosset, New York

                                      Yours, etc.
                                      The Margolin & Weinreb
                                      Law Group, LLP
                                      Attorneys for Plaintiff

                                      By: _____
                                      Alan H. Weinreb, Esq. (AW 9361)
                                      165 Eileen Way, Suite 101
                                      Syosset, New York 11791
                                      Telephone (516) 945-6055
                                      Facsimile (516) 945- 6056
                                      alan@nyfclaw.com

## VERIFICATION BY ATTORNEY

**ALAN H. WEINREB**, an attorney duly admitted to practice before the courts of this state and associated with the attorneys of record for the plaintiff, affirms under the penalties of perjury that: I have read the foregoing Complaint and the same is true to my own knowledge except as to matters alleged to upon information and belief as to those matters I believe them to be true. The grounds of my belief as to matters not based upon personal knowledge are communications with plaintiff or officers and/or agents of plaintiff and copies of plaintiff's records in my possession. This affirmation is made by me because plaintiff is not in a county in which my firm has its office.

Dated: June 24, 2014
       Syosset, New York

                                                **ALAN H. WEINREB (AW9361)**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
21 ASSET MANAGEMENT HOLDING, LLC,

                                        Plaintiff,

        -against-

H. JOHN CAMPAIGN; UNITED STATES OF AMERICA –
INTERNAL REVENUE SERVICE and JOHN DOE "1"
through "12", said persons or parties having or claimed to have
a right, title or interest in the Mortgaged premises herein,
their respective names are presently unknown to the Plaintiff,

                                          Defendant(s).
-------------------------------------------------------------------------X

## VERIFIED COMPLAINT

THE MARGOLIN & WEINREB LAW GROUP, LLP
Attorneys for Plaintiff
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone (516) 945-6055
Facsimile (516) 945- 6056
alan@nyfclaw.com