UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------x

21 ASSET MANAGEMENT HOLDING, LLC,

                              Plaintiff,

      -against-

H. JOHN CAMPAIGN; UNITED STATES OF AMERICA – INTERNAL REVENUE SERVICE and JOHN DOE "1" through "12", said persons or parties having or claimed to have a right, title, or interest in the Mortgaged premises herein, their respective names are presently unknown to the Plaintiff,

                              Defendants.

--------------------------------------------------------------------x

**MEMORANDUM OF DECISION AND ORDER**
14-cv-3936(ADS)(AKT)

**F I L E D**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   SEP 29 2015   ★

LONG ISLAND OFFICE

**APPEARANCES:**

**THE MARGOLIN AND WEINREB LAW GROUP, LLP**
*Attorneys for the Plaintiff*
165 Eileen Way, Suite 101
Syosset, NY 11791
      By: Alan H. Weinreb, Esq., Of Counsel

**H. JOHN CAMPAIGN**
*Pro Se Defendant*
303 East 71st Street, #3E
New York, NY 10021

**UNITED STATES ATTORNEY'S OFFICE**
    **FOR THE EASTERN DISTRICT OF NEW YORK**
*Attorneys for Defendant United States of America – Internal Revenue Service*
271 Cadman Plaza East
Brooklyn, NY 11201
      By: Mary M. Dickman, Assistant United States Attorney

1

**SPATT, District Judge:**

Presently before the Court in this mortgage foreclosure action is a motion by the Plaintiff 21 Asset Management Holding, LLC (the "Plaintiff"), brought on by Order to Show Cause, seeking summary judgment on its complaint and a judgment of foreclosure and sale. For the reasons that follow, the motion is granted.

On June 24, 2014, the Plaintiff commenced this action against individual Defendant H. John Campaign ("Campaign" or the "Defendant"), pursuant to New York Real Property Actions and Proceedings Law § 1301 *et seq.* ("RPAPL"), seeking to foreclose a mortgage secured by real property located within the County of Suffolk, known as 49 Saint Andrews Road in Southampton (the "Premises").

The complaint alleges that, on May 24, 2007, the Plaintiff executed a promissory note in favor of non-party JP Morgan Chase Bank (the "Note") and a mortgage in the principal amount of $744,000 plus interest (the "Mortgage"). The Mortgage was secured by the Premises and duly recorded in the Suffolk County Clerk's Office.

The Note and Mortgage were subsequently assigned to the Plaintiff.

This case arises primarily from the Plaintiff's contention that Defendant Campaign has failed to comply with the terms of the Note and Mortgage by failing to make the required monthly payments. The Plaintiff seeks to foreclose on the Mortgage and recover the unpaid principal due under the Note, together with accrued interest, late charges, attorneys' fees, and the costs of the action.

The Internal Revenue Service ("IRS") is a party to this matter by virtue of a federal tax lien filed against the Premises.

Campaign failed to answer or otherwise respond to the complaint within the prescribed time period.

Accordingly, on August 14, 2014, the Clerk of this Court noted Campaign's default.

On September 3, 2014, the Plaintiff filed a motion for a default judgment of foreclosure and sale. On September 8, 2014, the Court referred the default motion to United States Magistrate Judge A. Kathleen Tomlinson for a report and recommendation as to whether the motion should be granted, and if so, what relief should be awarded.

On April 27, 2015, while the default motion was pending, Defendant Campaign filed a letter to the Court indicating that he had been under the mistaken belief that he was represented by counsel in this matter; that he had only just learned that he was not so represented; and he requested additional time to retain counsel and/or respond to the default motion.

The Court notes that the Defendants' April 27, 2015 letter indicated that he is a retired lawyer, having graduated from New York University School of Law and practiced intellectual property law.

On June 3, 2015, Judge Tomlinson issued an order acknowledging receipt of the Defendant's correspondence and setting the case down for an in-court

conference on June 15, 2015. The conference was subsequently adjourned, on consent of the parties, to June 22, 2015.

On June 22, 2015, Judge Tomlinson held a conference with the parties. The corresponding minute order indicates that, after some settlement discussions, the Plaintiff's counsel "advised the court that the defendants had agreed to the specific amount of principal that is due and owing." See Docket Entry 31 (Minute Order).

Further, Judge Tomlinson noted that:

> The Defendant stated on the record that he agrees with the calculation of the principal, with the calculation of interest and with the calculation of taxes (which was paid by the bank). Although the defendant agrees with the calculation of interest, he does not agree that he should be responsible for paying the full amount of the interest. ... The parties requested some additional time to go over several issues and to return to the court in several weeks. ... The Court does not intend to take any further action until it meets once again with the parties on July 9[, 2015].

Id.

On June 23, 2015, despite the Court's indication no further action would be taken sooner than July 9, 2015, the Plaintiff filed a Proposed Judgment of Foreclosure and Sale.

On June 24, 2015, in response to this filing, Judge Tomlinson issued an electronic order *inter alia* requesting that the Defendant provide a written submission stating that he is, in fact, agreeable to the terms contained in the consent judgment proffered by the Plaintiff.

On July 7, 2015, Campaign filed a response which demonstrated some disagreement as to the terms of the settlement. Specifically, Campaign stated that

he "[b]asically," "pretty much" consented to the terms, but would "never be able to pay" the interest calculated by the Plaintiff. See Docket Entry 40.

Further, Campaign specifically expressed his expectation that this case can be settled and referenced the parties' upcoming conference with Judge Tomlinson on July 9, 2015.

On July 9, 2015, Judge Tomlinson held the scheduled conference, but the matter did not settle.

On July 10, 2015, this Court issued a Short Form Order vacating the Clerk's entry of default against the Defendant. In this regard, the Court noted that, despite not interposing an answer to the complaint, Defendant Campaign filed correspondence to the Court in a *pro se* capacity, indicating his mistaken belief that counsel had been litigating this matter on his behalf and requesting an opportunity to participate in this action. Moreover, Campaign appeared at scheduled court conferences and engaged in settlement negotiations with the Plaintiff. Accordingly, finding no evidence of bad faith on the part of the Defendant, or prejudice inuring to the detriment of the Plaintiff, the Court exercised its discretion to vacate the default.

The Court also waived its requirement of a pre-motion conference and granted the Plaintiff leave to immediately file a motion for summary judgment under Fed. R. Civ. P. 56.

On July 30, 2015, at the request of the Plaintiff, this Court held an in-person conference at which both parties were present. Of note, the following exchange took place on the record:

> THE COURT: Well, you heard what Mr. Weinreb [counsel for the Plaintiff] said. He wants to make a motion to enter judgment immediately on the default in the payment of the mortgage. Apparently, you will agree that the mortgage has not been paid?
>
> MR. CAMPAIGN: It hasn't been . . .
>
> \*     \*     \*
>
> THE COURT: Mr. Campaign, right now I have a case of a mortgage foreclosure action.
>
> MR. CAMPAIGN: Yes.
>
> THE COURT: You have never put an answer in. We have permitted you to come in, talk about it, and we have not allowed the plaintiff to proceed up until now. Right now I am going to allow the Plaintiff, if you decline to enter into a consent judgment –
>
> MR. CAMPAIGN: Do you know why I did not answer? The reason was I sent the answer to my attorney in Southampton, and then I got another notice that they were going for a default judgment. I sent that to him. I began to get worried. He said, well, send me the papers when I called him up. I sent him the papers, and I never heard back from him. . . .
>
> THE COURT: This action was commenced on June 24th, 2014. It is now almost 14 months old. You still have not attempted to put an answer in, is that correct?
>
> MR. CAMPAIGN: Well, I tried to put an end to it. I offered to pay the mortgage. I cannot and will not ever be able to pay the interest. I can even pay the taxes, if I get what I am asking for or something close to that amount . . .
>
> THE COURT: Mr. Campaign, technically you are in default.
>
> MR. CAMPAIGN: Yes, Your Honor.

THE COURT: I could let . . . the plaintiff put a judgment in without any further action but I am not going to do that. I am going to tell him to proceed immediately by order to show cause to enter a judgment based on the mortgage foreclosure. You will get a copy of the papers. You will have a right to put in an answer to the papers if you want to. [O]therwise, I will grant the judgment by default . . .

\*    \*    \*

THE COURT: . . . Listening to the parties it is apparently so that you do owe this money on the mortgage.

MR. CAMPAIGN: I have not challenged that.

See Transcript of Proceedings at 9-11.

On August 11, 2015, this Court directed the Defendant to show cause on or before September 21, 2015 why an order should not be issued entering a judgment of foreclosure and sale against him and the IRS.

On September 23, 2015, the Defendant submitted a four-page letter, which did not materially dispute the issues of liability or damages outlined in the Plaintiff's motion. Rather, in his responsive letter, Campaign reiterated that he does not challenge the amounts owed. In addition, to date, Campaign has not interposed an answer to the complaint.

Similarly, although counsel for the IRS filed a notice of appearance in this matter, that agency has neither interposed an answer to the complaint nor submitted a response to the show cause order.

Under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."

In the approximately fifteen months since this case was commenced, the Defendant has never answered the complaint. Therefore, he is in default. However, despite his default, this Court has afforded Campaign numerous opportunities to participate in this litigation and defend the claims against him. He has not meaningfully done so. Instead, Campaign has declined to interpose an answer or even to deny the allegations against him. He has appeared before the Court and gone on record as admitting that the Mortgage was not paid; that he is in default; and that he does not challenge the Plaintiff's operative allegations, including the amounts owed under the Mortgage. Rather, in a series of letters, Campaign has repeatedly insisted, unconvincingly, that he should be given an opportunity to sell the Premises on the open market. His assertions in this regard are insufficient to raise an issue of material fact where none otherwise exist.

Under these circumstances, even drawing all reasonable inferences and resolving all ambiguities in Campaign's favor, see Castle Rock Entm't, Inc. v. Carol Publ'g Grp., Inc., 150 F.3d 132, 137 (2d Cir. 1998), the Court can discern no triable issue of fact warranting a trial. Further, the Court finds no rational basis for denying the relief sought by the Plaintiff and further delaying the adjudication of this case.

Accordingly, the Plaintiff's motion for summary judgment is granted. A final Judgment and Foreclosure of Sale will be filed with the Clerk of the Court under separate cover, at which time the Clerk is respectfully directed to close this case.

**SO ORDERED**

Dated:    Central Islip, New York
             September 29, 2015        ARTHUR D. SPATT
                                    United States District Judge